# EXHIBIT A

1  MICHAEL R. MARRINAN (SBN 90484)
   Attorney at Law
2  Law Offices of Michael R. Marrinan
   225 Broadway, Suite 1460
3  San Diego, CA 92101
   Telephone: (619) 238-6900
4  Facsimile:  (619) 238-1097

5  Attorney for Plaintiff

FILED
CIVIL BUSINESS OFFICE 10
CENTRAL DIVISION

2015 JAN 13 P 1: 07

SUPERIOR COURT
STATE OF SD COUNTY, CA

6

7

8

9                    **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

10                            **COUNTY OF SAN DIEGO**

11  CARLOS HART,                          )  Case No. **37-2015-00001232-CU-CR-CTL**
    a minor, by his mother and guardian   )
12  ad litem, Zina Williams,              )  **COMPLAINT FOR DAMAGES**
                                          )
13                    Plaintiff,          )  [Unlimited Jurisdiction;
                                          )  Damages in Excess of $25,000]
14        vs.                             )
                                          )
15  SAN DIEGO UNIFIED SCHOOL              )
    DISTRICT, JARVIS GRESHAM,             )
16  in his individual capacity,           )  1.  42 U.S.C. § 1983 Constitutional
    BOBBI PREVOST, in her                 )      Violations - Unlawful Seizure
17  individual capacity, HARRY            )  2.  42 U.S.C. § 1983 Constitutional
    SHELTON, in his individual            )      Violations - Due Process
18  capacity, and DOES 1-20,              )  3.  Negligence
                                          )  4.  False Arrest
19                    Defendants.         )  5.  Civil Code § 52.1 Constitutional
    _____       )      and Statutory Violations
20

21        Plaintiff alleges:

22                        **GENERAL ALLEGATIONS**

23        1.  Plaintiff Carlos Hart is a 17 year old senior at Morse High School with

24  no criminal record.

25        2.  Defendant San Diego Unified School District ("SDUSD") is a public

26  entity existing under the laws of the State of California and is the employer of

27  defendants Gresham, Prevost and Shelton. Defendants Gresham and Prevost are

28  police officers for SDUSD. Defendant Shelton is the principal of Morse High

                                    1

1 | School, a school within the SDUSD.

2 |      3. At all times mentioned herein defendants Gresham, Prevost and Shelton
3 | were employees of defendant SDUSD and in doing the acts hereinafter described
4 | acted within the course and scope of their employment.

5 |      4. The acts of all defendants and each of them, were done under the color
6 | and pretense of the statutes, ordinances, regulations, customs and usages of the
7 | State of California. Defendants Gresham, Prevost and Shelton are sued
8 | individually and in their capacities as employees of SDUSD.

9 |      5. The true names or capacities whether individual, corporate, associate or
10 | otherwise, of defendants named herein as DOES 1 through 20 are unknown to
11 | Plaintiff, who therefore sues said defendants by said fictitious names. Plaintiff
12 | will amend this complaint to show said defendants' true names and capacities
13 | when the same have been ascertained. Plaintiff is informed and believes and
14 | thereon alleges that all defendants sued herein as DOES are in some manner
15 | responsible for the acts and injuries alleged herein.

16 |      6. Plaintiff is informed and believes and therefore alleges that at all times
17 | mentioned herein each of the defendants was the agent, servant and/or employee
18 | of each of the remaining defendants and were, in doing the acts herein alleged,
19 | acting within the course and scope of this agency and/or employment and with the
20 | permission, consent and authority of their co-defendants and each of them, and
21 | each is responsible in some manner for the occurrences hereinafter alleged; and
22 | that Plaintiff's injuries were proximately caused by the actions of each.

23 |      7. On or about July 21, 2014, Plaintiff filed a claim with SDUSD for the
24 | injuries alleged herein. On or about July 22, 2014, the claim was denied.

25 | / / /
26 | / / /
27 | / / /
28 | / / /

2

1

## FACTUAL ALLEGATIONS

2        8.  Plaintiff is informed and believes as follows:

3        9.  On December 5, 2013 at approximately 6:00 p.m. on the campus of
4   Morse High School, a student was assaulted and robbed of a cell phone by two
5   teenage African-American males.  The victim of this robbery was clear that the
6   second suspect had a mohawk haircut.

7        10.  At the time of this robbery there was an after-school function taking
8   place on the campus of Morse High School.  The principal of Morse, Defendant
9   Shelton, was on campus at the time, as was one or two vice principals.  The victim
10  of the robbery immediately reported this crime to school administrators - either to
11  Defendant Shelton or to another person who reported the crime to Defendant
12  Shelton.  However, neither Defendant Shelton, nor any other school official,
13  reported this crime to the police at that time.  Instead, Defendant Shelton began his
14  own "investigation".  Defendant Shelton spoke to the victim of the robbery, who
15  described both suspects, explaining that the second suspect had a mohawk haircut.
16  Defendant Shelton decided to show the victim of the robbery a book containing
17  photographs of Morse High School students.  Included in the photo book was a
18  photo of Carlos Hart who, in the photo, had a mohawk haircut.  Based on the
19  mohawk haircut, the victim identified Carlos as the second suspect in the robbery.

20       11.  However, there was a problem with this procedure.  The photos shown
21  to the victim were from the previous school year, when Carlos Hart had a mohawk
22  haircut.  The photos shown to the victim were over a year old.  Carlos did *not*
23  have a mohawk on December 5, 2013, or at any time during the 2013-2014 school
24  year.  His school picture for the 2013-2014 school year, taken in September, 2013,
25  shows him without a mohawk haircut.  Any one of Carlos Hart's teachers, family
26  members, friends or classmates would have confirmed that Carlos did not have a
27  mohawk haircut on the date of the robbery.  But no one asked any of them.

28       12.  Based on this old photograph and the resultant erroneous identification,

3

1  Defendant Shelton and other school administrators concluded that Carlos Hart was
2  guilty of this crime when, in fact, he was innocent. Defendant Shelton and the
3  other school administrators never made any effort to determine whether the photo
4  book shown to the victim was current, or whether Carlos Hart had a mohawk
5  haircut at the time of the crime. They made no effort to contact Carlos or his
6  parents. Nor did Defendant Shelton or other administrators contact the police,
7  until several days later. At that time they provided the school police officer with
8  the photograph of Carlos that they had shown to the victim of the robbery, but
9  failed to tell the officer that it was an old photo, taken the previous school year.

10      13. Plaintiff is informed and believes that the following Monday, December
11  9, 2013, SDUSD police officer Bobbie Prevost was given the old photograph of
12  Plaintiff Carlos Hart. Defendant Prevost made no inquiry whether the photograph
13  was current, or whether Carlos Hart currently wore a mohawk haircut. Leading
14  the victim to believe that the photograph was current, Defendant Prevost showed
15  this old photograph to the robbery victim. Because the boy in the photograph had
16  a mohawk haircut, the robbery victim identified the boy in the photograph (Carlos
17  Hart) as one of the robbers. This was an improper photo-lineup from the
18  beginning, wholly inconsistent with proper police protocols for photo lineups.

19      14. Defendant Prevost failed to contact Carlos Hart or his parents, despite
20  the fact that Carlos was attending Morse High School and they lived one block
21  from the school. Defendant Prevost also failed to ask any of Carlos' teachers or
22  classmates if Carlos currently had a mohawk haircut. Defendant Prevost made no
23  effort to have the robbery victim view Carlos in person, despite the fact that both
24  boys were attending Morse High School at the time. Instead, Defendant Prevost
25  simply wrote a report stating that Carlos had been identified as a participant in this
26  crime, and passed the report on to a detective in the SDUSD police department.

27      15. None of the school administrators or police officers did anything
28  relating to this case for the next six weeks, despite the fact that SDUSD and Morse

4

1  High School claim to have a "zero tolerance policy" for crimes of this type. The
2  robbery victim, the erroneously identified "suspect", Carlos Hart, and another
3  suspected participant in the robbery, attended Morse together for the next six
4  weeks. Carlos Hart was never told of the robbery during this time period, nor did
5  he know anything about it. Nor was he told that he was suspected of participating
6  in the crime, or asked anything about it, so that he could dispel the erroneous
7  implication that he was on campus at the time or had anything to do with the
8  crime. Carlos was not suspended from school at that time, nor was any other
9  disciplinary action taken against him.

10      16. However, six weeks later, on January 22, 2014, Defendant Gresham, a
11  SDUSD police detective, decided to arrest Carlos Hart, without a warrant, based
12  on the improper photo line-up and the erroneous identification via the old
13  photograph of Carlos Hart. Like Defendant Prevost, Det. Gresham did no
14  investigation during the six weeks between the crime and his arrest of Carlos Hart.
15  He never contacted Carlos or his parents. He never checked to see if the
16  photograph shown to the victim was current. He made no effort to conduct a
17  proper photo lineup. He never asked one of Carlos' teachers or classmates if
18  Carlos had a mohawk haircut in December, 2013. He never attempted to have the
19  robbery victim make an in-person identification of Carlos, despite the fact that
20  both boys were on campus, and had been for the past six weeks.

21      17. Rather, Defendant Gresham had Carlos pulled out of class and brought
22  to an office where he was placed under arrest. Defendant Gresham accused Carlos
23  of robbing a boy six weeks earlier. Carlos knew nothing about this crime, which
24  he told Defendant Gresham. Defendant Gresham could see that Carlos did *not*
25  have a mohawk haircut at the time but, inexplicably, he failed to ask Carlos (or
26  anyone else) if he had changed his hair styles in the weeks since the crime.
27  Instead, Defendant Gresham arrested Carlos, incarcerated him in juvenile hall and
28  charged him with robbery. All of this was done without contacting either of

1  Carlos' parents until after Carlos had been arrested and was being transported to
2  juvenile hall. Based on this grossly improper, misleading and inadequate
3  "investigation" and the resultant reports authored by defendants Gresham and
4  Prevost, the District Attorney filed a robbery case against Carlos. Carlos, a
5  completely innocent young man, spent two weeks in juvenile hall and many weeks
6  of home confinement thereafter. Further, Carlos was forced to defend a false
7  felony robbery case in juvenile court for several months.

8       18. In addition, shortly after his arrest, defendant Shelton unilaterally
9  suspended Carlos from Morse High School, without following proper protocols,
10  without a proper hearing, without talking to Carlos, without checking to see if the
11  photos he had shown to the victim six weeks earlier were current, without asking
12  any of Carlos' teachers whether he had a mohawk haircut on December 5, 2014,
13  and without giving Carlos any opportunity to defend himself or to be heard.
14  Instead, defendant Shelton suspended Carlos from Morse, forced him to attend a
15  continuation school for several weeks, and processed him for expulsion. This was
16  based on the same information that defendant Shelton had on the date of the
17  robbery six weeks earlier, which did not warrant a suspension or any other
18  disciplinary action against Carlos Hart. Indeed, if defendants had acted with a
19  modicum of thoroughness or alacrity and contacted Carlos immediately, he would
20  have been exonerated immediately.

21       19. Fortunately, Carlos's parents and attorney did the investigation that
22  defendants should have done from the beginning. They learned that the robbery
23  victim was shown an old photograph of Carlos, from the previous school year, for
24  they knew that Carlos did *not* have a mohawk haircut on December 5, 2014. This
25  was something that defendants would have learned immediately had they simply
26  asked, or looked at Carlos in person after being informed of the robbery. The
27  District Attorney eventually dismissed the criminal case, but not before Carlos was
28  improperly suspended from school and expulsion proceedings had been instituted.

6

1  Indeed, defendants Gresham and Prevost testified at a hearing where they
2  participated in the effort to have Carlos expelled from school.

3      20. Throughout this ordeal Carlos was emotionally distraught and afraid.
4  He suffered severe emotional distress, and damage to his reputation. He spent two
5  weeks in juvenile hall, separated from his family, as well as several weeks of home
6  confinement. He was forced to defend a false felony criminal case in juvenile
7  court. He now has a felony arrest record. He was erroneously suspended from
8  school, and was forced to attend a continuation school for several weeks. His
9  grades suffered as a result. Expulsion proceedings were instituted against him,
10  which caused additional emotional distress and damage to his reputation.

11      21. Plaintiff suffered additional emotional distress and insult as a result of
12  the treatment he and his parents received when they filed proper, good faith
13  complaints with SDUSD and its police department for the improper acts of their
14  administrators and police officers as described herein. Plaintiff and his parents
15  fully cooperated with district and police department investigators. Both SDUSD
16  and its police department promised to properly investigate these complaints, and
17  are required by law to do so. They promised to do so in an expeditious fashion,
18  and to notify Plaintiff of the disposition, as they are required to do. These
19  complaints were filed in **May, 2014**. As of **January13, 2015, eight months later,**
20  Plaintiff and his parents have not been advised of the disposition of the
21  complaints, despite several requests. This has added greatly to the insult suffered
22  by Plaintiff and his parents.

23  / / /
24  / / /
25  / / /
26  / / /
27  / / /
28  / / /

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## FIRST CAUSE OF ACTION

[42 U.S.C. § 1983 Constitutional Violations – Unlawful Seizure,
Against Defendants Gresham and Prevost]

22. Plaintiff realleges and incorporates by reference each and every allegation contained in Paragraphs 1 through 21 above as though fully set forth herein.

23. As a result of the acts alleged above, particularly the unlawful arrest described above, Plaintiff was falsely arrested and unlawfully seized by Defendant Gresham without a warrant or probable cause. Defendant Prevost is also liable for this false arrest and unlawful seizure, for Plaintiff's arrest was largely based on the erroneous information provided by Defendant Prevost, her improper and inadequate investigation, and the improper photo line-up she conducted, all of which was a cause of the false arrest and unlawful seizure of Plaintiff as described above. As a result, Plaintiff is entitled to damages pursuant to Title 42 U.S.C. § 1983, et seq. in an amount to be proven at trial.

24. As a proximate result of the acts alleged above, Plaintiff suffered injuries and damages. Plaintiff suffered severe emotional distress, humiliation and damage to his reputation from being falsely arrested at his school. Plaintiff also suffered severe emotional distress as a result of being booked, photographed, searched and spending two weeks in juvenile hall, despite the fact he was completely innocent of any wrongdoing. Plaintiff suffered additional emotional distress as a result of being taken from his home and family, and from being placed on "home confinement", under supervision, for several weeks until his case was finally dismissed. Plaintiff suffered additional emotional distress and damage to his reputation as a result of being suspended from school and processed for expulsion as a result of his erroneous arrest. Plaintiff suffered additional emotional distress as a result of having to defend a false felony criminal case in juvenile court. Plaintiff is therefore entitled to general and compensatory damages

8

1   in an amount to be proven at trial.

2       25. In committing the acts alleged above, Defendants Gresham and Prevost
3   were guilty of a wanton and reckless disregard for the rights, feelings and safety of
4   Plaintiff, and by reason thereof Plaintiff is entitled to exemplary and punitive
5   damages in an amount to be proven at trial.

6                        **SECOND CAUSE OF ACTION**

7       [42 U.S.C. § 1983 Constitutional Violations – Violation of Due Process,
8                        Against Defendant Shelton]

9       26. Plaintiff realleges and incorporates by reference each and every
10  allegation contained in Paragraphs 1 through 25 above as though fully set forth
11  herein.

12      27. As a result of the acts alleged above, particularly Defendant Shelton's
13  suspension of Plaintiff from Morse High School without due process of law,
14  Plaintiff suffered a violation of his due process rights as guaranteed by the
15  Fourteenth Amendment to the United States Constitution. As a result, Plaintiff is
16  entitled to damages pursuant to Title 42 U.S.C. § 1983, et seq. in an amount to be
17  proven at trial.

18      28. As a proximate result of the acts alleged above, Plaintiff suffered
19  injuries and damages. Plaintiff suffered severe emotional distress, humiliation and
20  damage to his reputation from being suspended from school, forced to attend a
21  continuation school, and processed for expulsion from school. Plaintiff is
22  therefore entitled to general and compensatory damages in an amount to be proven
23  at trial.

24      29. In committing the acts alleged above, Defendant Shelton was guilty of a
25  wanton and reckless disregard for the rights, feelings and safety of Plaintiff, and
26  by reason thereof Plaintiff is entitled to exemplary and punitive damages in an
27  amount to be proven at trial.

28

9

## THIRD CAUSE OF ACTION

[Negligence, Against All Defendants]

30. Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 29 above as though fully set forth herein.

31. By the acts alleged above, SDUSD employees, including defendant Harry Shelton and other school administrators, were negligent and breached their duty of due care owed to Plaintiff, when they 1) failed to immediately call the police when the robbery was reported to them, 2) embarked on their own "investigation" of the robbery, without calling the police, 3) showed an old, outdated photograph of Carlos Hart to the robbery victim (thereby causing an erroneous identification of Carlos), 4) claimed that Carlos had been properly identified as a participant in the robbery, 5) failed to implement the district's "zero tolerance program" and take action regarding the robbery immediately, 6) failed to contact or look at Carlos Hart to determine whether he had a mohawk haircut at the time of the robbery, 7) failed to contact Carlos, his parents, or his teachers to determine whether Carlos had a mohawk haircut at the time of the robbery, 8) failed to conduct a fair and proper investigation before suspending Carlos from school and processing him for expulsion from school. All of these acts and omissions caused the injuries and emotional distress described in the Factual Allegations and First Cause of Action, and the damages described therein and in paragraphs 20 and 21 above.

32. Further, by the acts alleged above and in the Factual Allegations and First Cause of Action, defendants Gresham, Prevost and/or other employees of SDUSD were negligent and breached their duty of due care owed to Plaintiff, thereby causing the injuries and emotional distress described in the First Cause of Action, and the damages described therein and in paragraphs 20 and 21 above.

33. Further, supervisory employees of defendant SDUSD were negligent in the hiring, training, retention and/or supervision of SDUSD's school

10

1  administrators and police officers, including Defendants Shelton, Gresham and

2  Prevost, thereby causing the injuries and emotional distress described in the

3  Factual Allegations and First Cause of Action, and the damages described in

4  paragraph 20 and 21 above.  Plaintiff is therefore entitled to general and

5  compensatory damages in an amount to be proven at trial.

6  ### FOURTH CAUSE OF ACTION

7  [False Arrest, Against Defendants Gresham, Prevost and SDUSD]

8  34.  Plaintiff realleges and incorporates by reference the allegations

9  contained in paragraphs 1 through 33 above as though fully set forth herein.

10  35.  By the acts alleged herein, particularly the act of arresting Plaintiff

11  without a warrant or probable cause, Plaintiff was falsely arrested, entitling him to

12  damages pursuant to California law.

13  36.  As a result of these acts Plaintiff suffered the injuries and damages

14  described in paragraphs 20 and 21 above, entitling him to damages in an amount

15  to be proven at trial.

16  37.  In committing the acts alleged above, Defendants Gresham and Prevost

17  acted maliciously and/or were guilty of a wanton and reckless disregard for the

18  rights and feelings of Plaintiff, and by reason thereof Plaintiff is entitled to

19  exemplary and punitive damages in an amount to be proven at trial.

20  ### FIFTH CAUSE OF ACTION

21  [Civil Code § 52.1 Civil Rights Violations, Against

22  Defendants SDUSD and Gresham]

23  38.  Plaintiff realleges and incorporates by reference the allegations

24  contained in paragraphs 1 through 37 above as though fully set forth herein.

25  39.  The acts alleged above, particularly the acts of false arrest, unlawful

26  search and seizure and negligence described above, violated the Fourth

27  Amendment, the California Constitution and/or the laws of the state of California.

28  These acts were committed by threats, intimidation and/or coercion by defendant

11

1  Gresham and/or other employees of SDUSD. Therefore, Plaintiff is entitled to
2  damages pursuant to California Civil Code section 52.1(b).

3      40. By reason of the acts of defendants and each of them alleged above,
4  Plaintiff suffered the injuries and damages alleged in paragraphs 20 and 21 above.
5  Plaintiff is therefore entitled to general and compensatory damages against
6  defendants and each of them in an amount to be proven at trial.

7      41. In committing the acts alleged above, Defendant Gresham acted
8  maliciously and/or was guilty of a wanton and reckless disregard for the rights and
9  feelings of Plaintiff, and by reason thereof Plaintiff is entitled to exemplary and
10 punitive damages in an amount to be proven at trial.

11                         **PRAYER FOR RELIEF**

12     WHEREFORE, Plaintiff prays for judgment against defendants and each of
13 them as follows:

14     1. For general and compensatory damages against defendants and each of
15 them in an amount to be proven at trial;

16     2. For exemplary and punitive damages against Defendants Gresham,
17 Prevost and Shelton only, in an amount to be proven at trial;

18     3. For costs of suit herein, including reasonable attorneys fees; and

19     4. For such other relief as the Court deems proper.

20 Dated: January 13, 2015

21

22                         MICHAEL R. MARRINAN
                        Attorney for Plaintiff

23

24     Plaintiff hereby requests a jury trial in this action.

25 Dated: January 13, 2015

26

27                         MICHAEL R. MARRINAN
                        Attorney for Plaintiff

28

                            12